UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00144-FDW

| ROBERT HAROLD JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| DREW STANLEY, Administrator, Warren Correctional Institution, and ERIK A. HOOKS, Secretary, N.C. Department of Public Safety, | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court on Respondents' Motion for Summary Judgment (Doc. No. 6) seeking denial of Petitioner Robert Harold Johnson's pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Also before the court is Petitioner's Motion for Summary Judgment (Doc. No. 12) seeking habeas relief.

**I.   BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, after a jury trial in Watauga County Superior Court, was found guilty of three counts of sex offense with a child and three counts of sex activity by a substitute parent. The North Carolina Court of Appeals summarized the evidence at trial as follows:

> Defendant was arrested and a Watauga County Grand Jury indicted Defendant on three counts of sexual offense with a child, three counts of sexual activity by a substitute parent, and three counts of taking indecent liberties with a child. The charges were spread among three identical superseding indictments dated 5 January 2015, each of which contained one count of each offense.
>
> Prior to jury selection, the State voluntarily dismissed the three counts of indecent liberties with a child. The remaining charges for sexual offense with a child and sexual activity by a substitute parent were joined for trial without objection.

1

> Evidence presented by the State at trial tended to show Defendant forced his wife's ten-year-old son to perform fellatio on him, when Defendant was supposed to be taking the juvenile to school and at other times inside and outside the juvenile's grandparents' house, where Defendant and the juvenile lived.
>
> On 3 December 2015, the jury returned verdicts finding Defendant guilty of all six charges—three counts of sex offense with a child and three counts of sex activity by a substitute parent. Based upon the verdicts, the trial court entered three separate judgments corresponding to the indictments, with one count of each offense included in each judgment. Defendant received three consecutive sentences of 300 to 420 months imprisonment. The court further ordered that upon Defendant's release from prison, Defendant shall register as a sex offender for life and enroll in SBM for the remainder of his life. Defendant filed notice of appeal on 11 December 2015.

State v. Johnson, 801 S.E.2d 123, 124 (N.C. Ct. App. 2017). The Court of Appeals upheld Petitioner's convictions for the offenses but reversed the trial court's order for Petitioner to register for life as a sex offender and order for SBM. Id. at 127-28, 130.

After the Court of Appeals ruling, Petitioner filed a Motion for Appropriate Relief (MAR) in Watauga County Superior Court seeking relief from his conviction. (Doc. No. 7-7). In his MAR, Petitioner alleged the following as grounds for relief: his convictions were obtained by a coerced confession; they were obtained by evidence gained in an unconstitutional search or seizure; that evidence was obtained by an unlawful arrest; the convictions were obtained by an unconstitutionally selected jury; the convictions were obtained as the result of a denial of his right to present evidence; the discovery of new evidence; and ineffectiveness of trial counsel. (Doc. No. 7-8, p. 2). The Honorable Gary M. Gavenus, presiding over the MAR, denied Petitioner's motion. Id. at 3. After being denied certiorari at the North Carolina Court of Appeals and the Supreme Court of North Carolina, see (Docs. Nos. 7-12, 7-14), Petitioner filed the instant pro se federal habeas petition in this Court on September 7, 2018 (Doc. No. 1). He raises the following grounds for relief: (1) ineffective assistance of counsel at trial; (2) new evidence proving Petitioner's innocence; (3) his confession to police was coerced or otherwise illegally obtained; and (4) the

denial of his right to provide evidence or witnesses proving his innocence due to his lawyer's "freezing up" at trial. (Doc. No. 1).

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

### B. Section 2254

The habeas statute at 28 U.S.C. § 2254 states that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court's power to grant habeas relief is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses contained in § 2254(d)(1) are to be given independent meaning—in other words, a petitioner may be entitled to habeas corpus relief if the state court adjudication was either contrary to or an unreasonable application of clearly established federal law.

AEDPA's standard is intentionally "difficult to meet." White v. Woodall, 572 U.S. 415, 419 (2014) (internal quote and citation omitted). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions.'" Id. (quoting Howes v. Fields, 565 U.S. 499, 505 (2012)) (internal quote and citation omitted) (first alteration in the original).

A state court decision can be "contrary to" clearly established federal law in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (plurality opinion). "And an 'unreasonable application of' [clearly established Federal law] must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." Woodall, 572 U.S. at 419 (quoting Lockyer v. Andrade, 538 U.S. 63, 75–764 (2003)) (alteration added). "Rather, '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" Woodall, 572 U.S. at 419-420 (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).

**III. DISCUSSION**

**A. Ineffective Assistance of Counsel**

A petitioner seeking relief based on ineffective assistance of counsel must meet two components: "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521 (2003) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> The court must evaluate the conduct from counsel's perspective at the time, and apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance, in order to eliminate the distorting effects of hindsight. In all cases, the petitioner's burden is to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Porter v. Zook, 898 F.3d 408, 434 (4th Cir. 2018), cert. denied, 139 S. Ct. 2012 (2019) (quoting Christian v. Ballard, 792 F.3d 427, 443 (4th Cir. 2015) (citations and internal quotation marks omitted)).

To show prejudice, "the petitioner must . . . show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012) (quoting Strickland, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, and the likelihood of a different result must be *substantial*, not just conceivable[.]" Id. at 139–40 (citations, alteration, and internal quotation marks omitted) (emphasis in original). On habeas review, this Court's inquiry "is limited to whether the [state] court's ineffective assistance determination was contrary to or an unreasonable application of Supreme Court precedent or an objectively unreasonable factual determination." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019), as amended (Feb. 5, 2019). Moreover, in evaluating whether a petitioner has sufficiently asserted ineffective assistance of counsel, "a habeas petitioner must come forward with some

5

evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

In the present case, Petitioner has failed to demonstrate deficient performance by his lawyer and how any alleged deficiency may have prejudiced his defense. In his petition, he states:

> Lawyer . . . did a fair job up to my trial but then did not do anything at all to help me at trial. He would not call me or any of my witnesses to the stand to defend me proving my innocence and he would not present my evidence proving my innocence.

(Doc. No. 1, p. 5). Petitioner has failed to come forward with evidence that the claim might have merit. See Nickerson, 971 F.2d at 1136. For example, it is not unreasonable to infer that Petitioner's counsel made a tactical decision to prevent additional damaging testimony or evidence from coming out at trial. Moreover, considering the highly deferential standard owed to state courts that have made a judgment on the merits, see Woodall, 572 U.S. at 419-20, the Court finds Judge Gavenus's denial of Petitioner's MAR on grounds of ineffective assistance of counsel was clearly justified. Judge Gavenus's denial of Petitioner's first ground for relief stated that "the defendant freely and voluntarily waived his right to testify and exercised his right to remain silent at trial." (Doc. No. 7-8, p. 3). Additionally, while Petitioner provided a list of more than one hundred witnesses that would "attest to his innocence," Petitioner did not provide any evidence as to what the witnesses' testimony would be. Id. As the state court determined, Petitioner not only failed to provide evidence of deficient performance by trial counsel, but he also failed to demonstrate that but for deficient performance, there is a reasonable probability of a different outcome at trial. Thus, Petitioner's first ground for habeas relief must be denied.

**B. New Evidence**

New evidence which proves actual innocence is only a "gateway" for a habeas petitioner to proceed beyond procedural bars, such as the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "In other words, a credible showing of actual innocence may allow a petitioner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." Id. at 1931. A "credible showing of actual innocence" requires a petitioner to "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. To establish an actual innocence claim that would create a gateway to proceed, Petitioner is required to show that, given the new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

None of Petitioner's "new evidence" is actually new; instead, he bases his claim on the fact that "absolutely none of [his] evidence or witnesses was [sic] presented at [his] trial so it is all new evidence." (Doc. No. 1, p. 6; Doc. No. 12, p. 2). In essence, Petitioner is rehashing the ineffective assistance of counsel claim addressed in Section III-A, supra. Moreover, Petitioner does not indicate what any of this new evidence might be or how it might prove his innocence; he simply alleges the existence of evidence without stating anything further, which is insufficient to be entitled to relief. See Nickerson, 971 F.2d at 1136 ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Significantly, in the denial of Petitioner's

MAR, the state court found that Petitioner failed to provide any new evidence that might prove his innocence; once again, the state court's ruling is entitled to great deference. See Woodall, 572 U.S. at 419-20. Thus, Petitioner is not entitled to an evidentiary hearing based on new evidence.

### C. Coerced Confession

Petitioner's third claim for relief is that his confession to police was coerced by a threat that Petitioner would lose his wife and children forever if he did not confess. (Doc. No. 1, p. 8). Once again, however, Petitioner provides no evidence beyond this conclusory allegation. "Unsupported, conclusory allegations" will not suffice for habeas relief to be granted. Nickerson, 971 F.2d at 1136. In addition, this was one of the claims Petitioner raised in his MAR. See (Doc. No. 7-8, p. 3) ("The record reflects that after being Mirandized the defendant freely and voluntarily confessed to the crimes of which he was charged and ultimately found guilty. . . . The defendant has not alleged any credible facts in support of his contentions that his confession was coerced or illegally obtained . . . ."). As Petitioner has failed to provide any evidence showing the state court's denial of his MAR was unreasonable, the MAR denial is entitled to deference. See Woodall, 572 U.S. at 419-20. Accordingly, Petitioner's third ground for relief is denied.

### D. Denial of Right to Introduce Evidence

Petitioner's fourth ground for relief is that he was denied an opportunity to provide evidence or witnesses proving his innocence. In its brief, the State argues the "contention appears to be a combination of his ineffective assistance of counsel claim raised in Ground for Relief (1) and his 'actual innocence' claim raised in Ground for Relief (2)." (Doc. No. 7, p. 7). The Court agrees with the State's characterization of Petitioner's fourth ground for relief. Accordingly, for the reasons articulated in Sections III-A and III-B, supra, Petitioner's fourth ground for relief is denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**;

2. Petitioner's Motion for Summary Judgment (Doc. No. 12) is **DENIED**;

3. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: September 30, 2019

Frank D. Whitney
Chief United States District Judge